No. 13,520.

## THE CITY OF SEYMOUR *v.* CUMMINS, ADMINISTRATRIX.

DAMAGES.—*Survival of Cause of Action.*—*Parties.*—A cause of action accruing to a person in his lifetime against a city for damages resulting from the construction of a ditch survives, and the administrator is the proper plaintiff.

SAME.—*City.*—*Drainage.*—*Nuisance.*—*Special Injury.*—Where a city constructs an open ditch upon a street, so near to a plaintiff's lot as to cause portions thereof to fall into the ditch, and so as to deprive him of access to his residence, and to affect the healthfulness of his property by causing filthy water and sewerage to become stagnant adjacent thereto, it is liable in damages.

SAME.—*Defective Plan.*—*Liability of City.*—If a city adopts a proper plan of drainage and lets a contract for the doing of the work, the contractor to use his own methods and means for the construction of the drain, the city is not liable for damages resulting from the contractor's negligence; but if the city adopts a defective plan, and the work is constructed ac-according thereto and a special injury results to a property-owner by reason of negligence in devising the plan, the city is liable.

SAME.—*Damages Accrue to Owner of Real Estate at Time of Injury.*—*Subsequent Conveyance.*—*Effect upon Right of Action.*—In such case the damages accrue to the person who owns the property at the time of the injury, and his right to maintain an action therefor is not affected by the fact that he parts with the title to the real estate after the commencement of the action.

SUPREME COURT.—*Motions in Trial Court.*—*Saving Questions upon.*—*Bill of Exceptions.*—*Practice.*—No question is presented on appeal upon the overruling of motions to separate the causes of action stated in the complaint, and to make the complaint more specific, and to strike out parts thereof, unless saved by a bill of exceptions or by a proper record made at the time.

PLEADING.—*Answer.*—*Demurrer.*—There is no error in sustaining a demurrer to a paragraph of answer where the facts pleaded therein are admissible in evidence under the general denial, which is pleaded.

From the Jennings Circuit Court.

*A. P. Charles* and *O. H. Montgomery,* for appellant.
*W. K. Marshall,* for appellee.

OLDS, J.—This action was commenced by John J. Cum-

mins, in his lifetime, and he died during the pendency of the action in the court below. His death was suggested, and Mary J. Cummins, administratrix of his estate, was substituted as plaintiff. It is an action for damages for the construction of an open ditch on the ways or streets on two sides of a residence property owned by the decedent within the city of Seymour. The complaint alleges the manner in which the ditch was constructed, by which the decedent's real estate was depreciated in value, rendered uninhabitable, and the means of ingress and egress to and from the said real estate were obstructed.

There was a demurrer to the complaint, by the appellant, which was overruled and exceptions reserved.

The first error assigned and discussed is the overruling of the demurrer to the complaint. One of the objections urged to the complaint is, that the heirs of the decedent are the proper parties plaintiff, instead of the administratrix. This objection is not well taken. The cause of action accrued during the lifetime of the decedent, and it survived, and his administratrix is the proper party to prosecute the action for damages. R. S. 1881, sections 281, 282 and 283.

There is a further objection urged to the complaint: That the complaint does not show any specific private interest the decedent had in the streets or ways, along which the ditch is constructed, differing from that of the general public. In this counsel for appellant are in error. The complaint clearly states and shows that the ditch was ten feet wide and three feet deep; that the decedent had sustained specific injuries by the obstruction of all means of ingress and egress to and from his said premises, on which he had erected a valuable dwelling-house; that the ditch was dug so near to the line of his lot that the soil of his lot from time to time falls into the ditch; that the corrupt, filthy and poisonous water from the swamp and other surface water and sewerage from the woollen mills are turned into the ditch; that the fall is insufficient to carry it off, and it remains in said ditch

as stagnant water, and poisonous and unwholesome vapors and smells permeate and render impure the air over his lot and within his residence property, and malaria and disease are generated thereby, whereby said house and premises are rendered untenantable; and that said ditch was constructed in 1877, and has ever since been maintained by said city in the same condition, and said ditch is a permanent one, and it was not the natural outlet for such drainage, and said drainage should have been by underground sewerage and not by an open drain.

The complaint was sufficient, and there was no error in overruling the demurrer.

The next error assigned is the overruling of appellant's motion to separate the causes of action stated in the complaint. This question is not presented by the record. It can only be presented by a bill of exceptions, or by proper record made at the time. No bill of exceptions was filed at the time of the ruling, and no time was given to file any, as appears of record. If, however, the question were properly presented by the record, there was no error in the ruling, as there was but one cause of action stated in the complaint.

Appellant filed a motion to make the complaint more specific, and to strike out parts of the complaint, which motions were overruled and exceptions reserved, and the rulings on the motions are assigned as error. There were no bills of exceptions presented at the time of the rulings, nor was time given to present and file the same, and there is no question presented as to such rulings by the record. *Rhine* v. *Morris*, 96 Ind. 81 ; *Manhattan L. Ins. Co.* v. *Doll*, 80 Ind. 113 ; *McIlvain* v. *Emery*, 88 Ind. 298.

Demurrers were filed by appellee, and sustained to the fourth and fifth paragraphs of appellant's answer, and the rulings are assigned as error.

The fourth paragraph alleges that the land of the decedent was wet and unfit for cultivation, and that it was improved and benefited by the drain, instead of being injured and

damaged, as alleged in the complaint. There was no error in sustaining the demurrer to this paragraph. The general denial was pleaded, and the same evidence was admissible under the general denial as was admissible under this paragraph.

The fifth paragraph of answer alleged that all and every act and thing alleged to have been done by defendant in said complaint were done, if at all, by reliable contractors, and the defendant did not, nor did her officers, or agents and employees take, have or exercise any control in regard thereto, but all was done, controlled, managed and directed by Leonard W. Bartlett, who was the contractor for all work in and to the excavating, digging and constructing the said ditch mentioned and described in said complaint, and the defendant had no control over the same in any manner whatever.

The complaint charges the defendant with having caused the line of a ditch to be surveyed, marked and staked by her city engineer, and by her officers, servants and employees, in September and October, 1877, dug and caused to be dug on the line so surveyed an open ditch, ten feet wide and three feet deep, along the streets and ways on the north and west sides of said plaintiff's lot, and on one side of said plaintiff's lot it was constructed on the line of the lot, so that the soil of the lot from time to time caves and falls into said ditch; that the dirt excavated from said ditch was placed in piles and destroyed the grade of the street; that said ditch obstructed and deprived the plaintiff of all means of access to said lot, depriving plaintiff of all means of ingress and egress to and from said premises; that it was dug and constructed for the purpose of draining a pond and other surface waters from a portion of the city; that the defendant turned the sewerage from a woollen mill into the ditch, and other sewerage and corrupt waters into the ditch, and that it remained stagnant therein, and poisonous and offensive odors and vapors arose therefrom, and made the air over the real estate of the plaintiff, and passing in and through

The City of Seymour v. Cummins, Administratrix.

the house and residence of the plaintiff situate thereon, impure and unwholesome, rendering the premises and dwelling-house untenantable; and such corrupt, poisonous and filthy waters, so remaining stagnant in said ditch, generated malaria and disease; and that said ditch was permanently constructed in such manner by said city, and so remained and was kept by said city as it was originally constructed; and additional sewerage and corrupt and filthy waters were from time to time turned into the same by said city, up to the time of the commencement of this suit, in 1882; that one of the ways along which it was constructed, adjacent to the plaintiff's premises, was a private way of the plaintiff, and that it constituted a nuisance; that the natural outlet for such drainage was in another direction, and it could not be obtained in the course in which the ditch in question was constructed.

The injury charged in the complaint was not the manner in which the work was performed and the ditch constructed; the action is for damages sustained by reason of the ditch itself, located where it is for the drainage of the pond, surface waters and sewerage, and the injury resulting from the construction of a ditch where this is located, and by reason of it being maintained as an open ditch, and allowing stagnant, corrupt, filthy and poisonous waters to remain in the same, and obstructing the plaintiff's ingress and egress to and from his premises, and causing the soil of his lot to cave and fall into the ditch, and for which damages the city is liable. *City of Evansville* v. *Decker*, 84 Ind. 325; *Ross* v. *Thompson*, 78 Ind. 90; *City of Terre Haute* v. *Hudnut*, 112 Ind. 542; *Wabash, etc., R. W. Co.* v. *Farver*, 111 Ind. 195.

A city has general supervision of the drainage of the city, and is liable for defective plans for drainage. If a city adopt a proper plan of drainage, and let a contract for the doing of the work and the construction of the drain, the contractor to use his own method and means for the construction of the drain, and damages result by reason of the negligence of the

contractor in doing the work, the city is not liable; but when the city adopts a plan of sewerage or drainage, and contracts for its construction, and it is constructed in accordance with the plan so adopted by the city, and injury is caused to a property-owner by reason of the negligence of the city in devising the plan and the construction of improper drainage, creating a nuisance, obstructing private ways or public ways in which the property owner has a special inter-est, the city is liable. And the answer in this case does not aver but that the contractor did the work and constructed the drain on the line and in the manner which the city directed and contracted it should be constructed. Nor does it controvert the fact that the city has maintained it in such manner, nor that all the injuries resulted to the plaintiff which are alleged in the complaint. Indeed, it controverts no averment of the complaint, but seeks to avoid liability on the ground that the ditch was constructed under a contract with one Bartlett. A city can not avoid liability in this way. The paragraph of answer is bad, and the demurrer was properly sustained. Wood Master and Servant, pp. 605, 606, section 313; Wood Nuisances, p. 81.

The court also sustained a demurrer to the sixth paragraph of answer, which ruling is assigned as error.

The sixth paragraph alleges that in 1872 one Charles Butler was the owner of said real estate described in the complaint, and for a valuable consideration mortgaged the same to the Northwestern Mutual Life Insurance Company, and that said mortgage had been foreclosed, and said land sold and a deed issued for the same long after the commencement of this suit. There was no error in sustaining the demurrer. It would not affect the right to recover if, after the commencement of this action, he had sold and conveyed the real estate. The action is for injury sustained to the real estate, rendering it less valuable, and it is not necessary that he should retain the title until after the rendition of the judgment. It may have been by reason of the real estate

having been rendered untenantable by the injury to the same that caused him to dispose of it, or suffer it to be taken on foreclosure of the mortgage.  It is a cause of action accruing to the owner for consequential damages for injury to his real estate, and the damages accrue to the person owning the land at the time of the injury.

The next alleged error is the overruling of appellant's demurrer to the amended second paragraph of reply.

The second paragraph of reply is a reply to the third paragraph of answer, which is a paragraph of answer substantially the same as the fifth, and the reply alleges that the digging of the ditch and the construction of the same, including the depositing of the earth taken from the same, was done by the contractor in the exact manner contracted for by the city, specifically stating that it was constructed on the line and in the manner directed, and as contracted by the city that it should be done, and is the same work described in the complaint; and that it was accepted by the city, and has ever since been maintained by it in the same manner; and that the injuries complained of resulted therefrom. There was no error in overruling the demurrer to this paragraph of reply.  The paragraph of answer to which it is addressed is bad, for the reasons we have given in passing upon the fifth paragraph of answer, and a bad reply is good to a bad answer; but the reply is good, even if the paragraph of answer had contained allegations which would have made it sufficient.

Appellant offered in evidence the transcript of the proceedings and judgment of the court in the foreclosure suit upon which said real estate was sold, which was objected to, the objection sustained, and the evidence excluded; and the ruling of the court is assigned as a cause for a new trial.  This ruling of the court was correct.  The judgment of foreclosure was rendered long after the commencement of this suit, and it was not competent as evidence on the trial of this cause. Some other errors are assigned on account of the rulings of

the court in the exclusion of evidence, which are stated as causes for a new trial. While they are not properly referred to and stated in the appellant's brief, yet we have examined the questions presented by the rulings, and we think there was no error committed for which the judgment should be reversed, and do not deem it proper to extend this opinion by making a detailed statement of each. We find no error in the record.

Judgment affirmed, with costs.

BERKSHIRE, J., took no part in the decision of this case.

Filed May 27, 1889.