Davis, J.
This suit is brought to recover damages for a trespass. It did not abate by the death of the plaintiff; and it was proper to revive it in the name of the decedent’s personal representative. Sections 4975, 5144 and 5148, Revised Statutes; Dobbs v. Gullidge, 4 Dev. & Bat. (20 N. Car.), 68; McPherson v. Seguine, 3 Dev. (14 N. Car.), 153; City of Seymour v. Cummins, 119 Ind., 148; Conklin v. Keokuk, 73 Ia., 343; Clark’s Admx. v. Railway Co., 36 Mo., 202; Upper Appomattox Co. v. Hardings, 11 Gratt. (Va.), 1; Darling, Admr., v. Blackstone Mfg. Co., 16 Gray (Mass.), 187. “It is now the general American doctrine that all causes of action arising from torts to property, real or. personal — injuries to the estate by which its value diminishes — survive and go to the executor or administrator as' assets in his hands.” 1 Cyc., 52.
It is not disputed that the plaintiff in error was appointed by, and gave bond in, the probate court as executor of the deceased plaintiff and has ever since acted as such; bút it is contended here that such appointment is invalid for the reason that the plaintiff in error is legally incompetent to be an administrator or executor. This contention may be entertained here, if the order of the probate *99 court may be collaterally attacked in this action by showing that it was made erroneously or without jurisdiction; otherwise it cannot be considered, for it is admitted that no direct attack has been made on the order appointing the executor, in the probate court, or by appeal or error, and it stands unreversed and unmodified to this time.
The probate court is a court of record and its jurisdiction in matters testamentary and in the appointment of administrators and guardians has been broadly given by the Constitution of this state, Article IV, Sections 7 and 8. The jurisdiction is plenary and it may well be doubted whether the legislature, if it chose to do so, could in any respect limit it. But for every purpose of this case, we may assume that the legislature has constitutionally limited the power of appointment to such persons as are “legally competent,” Section 5995, Revised Statutes; and that the jurisdiction of the probate court is thereby restricted to the appointment of such persons only as are designated by the legislature to be “legally competent.”
When the plaintiff died, being at that time a resident of Clark county, and' left a will nominating- the plaintiff in error to be executor of the will, and the will was offered, for probate in the probate court of that county, it was within the jurisdiction of the court, and it became its duty, to appoint the person named in the will to be executor, if there were no obstacles thereto in the law as it then existed. Upon the assumption which we have made, this necessarily involved an inquiry by the court into the legal competency of The Union Savings Bank & Trust Company to be *100 an executor. This was eighteen months before the decision in Schumacher v. McCallip et al., 69 Ohio St., 500, and at a time when, as appears from the statément of facts in that case, probate courts, common pleas courts and circuit courts were entertaining a contrary view of the law. The Probate Court of Clark county, having jurisdiction of the subject-matter and of the estate, had the right and duty to inquire into the legal competency of the trust company: the presumption is that it did so and its judgment in that regard, however- erroneous it might thereafter be found to be, was not void. It was no more void than the judgments of the several courts which decided the same way in Schumacher v. McCallip, supra. It could not, therefore, be ignored in any collateral proceeding and could not be reviewed or set aside in any other way than in a direct proceeding for that purpose. The defendant, if - it had such an interest in the estate as would- give it the legal standing to do so, might have attacked the appointment in the probate court, or by appeal or error. It did not do so and cannot .complain if it now finds itself bound by the presumptions which arise upon the record. Moore v. Robison, 6 Ohio St., 302; Shroyer, Gdn., v. Richmond, 16 Ohio St., 455; Caujolle v. Ferrie, 13 Wall., 465.
The counsel for the defendant in error seem to have misunderstood the court in regard to its decision in Hoffman, Admx., v. Fleming, 66 Ohio St., 143. The plaintiffs in error in that case insisted that it clearly appeared on the face of the record that the probate court did not have jurisdiction to make the appointment. The court went *101 into the inquiry only far enough to show that this proposition was not correct. Of course, if it had affirmatively and conclusively appeared that the court had acted without jurisdiction, the order making the appointment would have been entirely void, and not merely erroneous, as it may have been in this case.
The former judgment of this court is vacated and the judgment of the circuit court is reversed and that of the court of common pleas

Affirmed.

Shauck, Crew, Summers and Spear, JJ., concur.