Jacklyn A. ALEXANDER, As Administratrix of the Estate of Ted Alexander, Deceased, Appellant–Plaintiff,

v.

The CITY OF SHELBYVILLE, Indiana; Board of Public Works & Safety; and Butler, Fairman and Seufert, Inc., Appellees–Defendants.

The CITY OF SHELBYVILLE, Indiana and Board of Public Works & Safety, Appellants–Cross–Claim Plaintiffs,

v.

COFFEY EXCAVATING COMPANY and Butler, Fairman and Seufert, Inc., Appellees–Cross–Claim Defendants.

No. 30A01–9010–CV–399.

Court of Appeals of Indiana, First District.

Aug. 12, 1991.

William D. Hall, Greenwood, Raymond S. Robak, Greenfield, for appellant-plaintiff.

William H. Kelley, James L. Whitlatch, Bunger, Robertson, Kelley & Steger, Bloomington, for City of Shelbyville.

John M. Choplin, II, Norris, Choplin & Johnson, Indianapolis, for Coffey Excavating Co., Inc.

Thomas J. Campbell, Kevin C. Schiferl, Locke Reynolds Boyd & Weisell, Indianapolis, for Butler, Fairman and Seufert, Inc.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Jacklyn A. Alexander appeals the judgment in favor of the City of Shelbyville, the Board of Public Works & Safety, and Butler, Fairman and Seufert, Inc. in an action for the wrongful death of Ted Alexander. We affirm in part, reverse in part, and remand.

## ISSUES [1]

1. Did the trial court err in entering judgment on the evidence for the City of Shelbyville and Board of Public Works & Safety (collectively "City") and for Butler, Fairman and Seufert, Inc. ("Butler") because:

a. the contract established a duty on City's representative, Butler, to observe whether Coffey Excavating Company ("Coffey") complied with the safety precautions outlined in the contract, and such duty was breached by City and Butler; and,

b. IND.CODE §§ 36–9–6–2, 36–9–6–3, 36–9–6–10, and 36–9–23–3 create a nondelegable duty to maintain city property, construct sewers, and supervise and repair sewers, from which City could not escape liability for Coffey's negligence?

2. Did the court err in granting Coffey's motion for summary judgment and Butler's motion to dismiss regarding City's cross-claim for indemnification?

## FACTS

After City decided to have a sewer built, the Board entered a contract hiring Butler to provide engineering services in 1987. Coffey was employed to furnish the sewer construction equipment, tools, and labor under Butler's inspection and direction. Ted Alexander, a thirty-one year old employee of Coffey, died on December 8, 1987, when a 12'8" deep sewer trench caved in upon him. After the cave-in, an Indiana Department of Labor safety officer investigated the cause. He reported that the accident was caused "by failure to recognize and fully appreciate the hazard of cave-in at this site, not taking additional precautions where flooding, backfilling and vibration conditions exist and not providing and requiring the use of proper shoring or sufficient sloping of the sides of trenches to make them safe and protect employees from cave-ins". Record at 616.

Both Butler and City denied formulating or enforcing safety policies or rules for the project. On December 14, 1989, Coffey's motion for summary judgment was granted which argued worker's compensation was Alexander's sole relief with regard to Coffey. Alexander did not appeal Coffey's summary judgment. On August 3, 1990, Alexander filed a motion for partial summary judgment against City as to liability only. The court denied the motion. At trial, Coffey's president contended Butler was to inspect work and see it complied with plans. The president admitted reading the specifications regarding sheathing, shoring and bracing but said none was used. At the close of trial, the court granted City's and Butler's motions for judgment on the evidence, finding Alexander failed to prove the violation of any duty. Alexander appeals the court's decision. City appeals the court's grant of summary judgment for Coffey and dismissal for Butler on City's indemnity claims.

## DISCUSSION AND DECISION

### Issue One

Alexander appeals the judgments on the evidence granted in favor of City and Butler. A motion for judgment on the evidence should be granted only when there is a total lack of evidence on an essential element of the case or where a defense to the action is proved by the evidence. Our standard of review is the same as the trial court: First, we determine whether reasonable quantitative evidence supports the plaintiff's allegations. If none exists, the

---

**1.** Alexander contends that the trial court erred in denying the motion for partial summary judgment against City as to liability only. However, this issue is dependent upon the finding that City had a nondelegable duty. Because we do not find a nondelegable duty, we do not address Alexander's contention.

motion should be granted. If some evidence exists, we then consider whether a reasonable inference that the plaintiff's allegations are true can logically be drawn from that evidence. *Lazarus Department Store v. Sutherlin* (1989), Ind.App., 544 N.E.2d 513, 518, *trans. denied.*

a.  Contractual Duty

■ Alexander contends that the contract between City and Butler established a duty on Butler to observe whether Coffey complied with safety precautions specified in the contract.[2] In Part III of Butler's contract, Butler agreed to "provide qualified personnel to observe [Coffey's] work to determine compliance with the plans and Specifications". Record at 742. Butler also had the power, pursuant to Part 1.36(B) of the project specifications, to order Coffey to stop work if the work was not being done in accordance with the specifications. Record at Ex. 2, p. 84. Additionally, Alexander relies upon the language in Coffey's contract as evidence that Butler had a duty to inspect the work to assure compliance with the specified safety precautions. Part 1.06(A) of the project specifications, which were incorporated into Coffey's contract, reads: "All work shall be done under the direct inspection of the [City's] Engineering and Utility Departments and [Butler]...." Record at Ex. 2, p. 1010–2. Paragraph 27.1 provides that Butler acts as City's representative during the construction period to decide questions and acceptability of materials furnished and work performed.

Alexander further contends that City and Butler reserved power to control Coffey, and therefore, cannot avoid responsibility. *See Van Keppel v. County of Jasper* (1990), Ind.App., 556 N.E.2d 333, 335 (evidence adduced at hearing raised question of fact whether surveyor reserved control over the acts of the independent contractor; therefore, summary judgment was improper). Alexander points to Butler's contract in which Butler agreed to provide personnel to determine compliance with the specifications and to Coffey's contract in which Butler agreed to inspect Coffey's work and that named Butler as City's representative, to show that City and Butler reserved control over Coffey.

City and Butler argue that this language does not place a duty of safety upon them but merely requires Butler to see that the end product meets the specifications. We view the contract documents as a whole to determine the parties' intent. Paragraphs 11.1, 11.2, and 27.3 of Coffey's contract with City specifically make Coffey responsible for initiating, maintaining, and supervising all safety precautions during construction and state that Butler is not responsible for construction means or safety. Record at Ex. 2, pp. 57 and 63. Paragraph 12.1 provides that Coffey will supervise and direct the work and be solely responsible for the means and methods of construction. Part 3.05 also requires Coffey to provide all necessary sheathing, shoring, and bracing to prevent cave-ins. The contract clearly put safety responsibility on Coffey. We find that the contractual duty to supervise the project did not impose a legal duty by contract upon the owner or engineer to exercise reasonable care for the employees' safety. *See Walters v. Kellam & Foley* (1977), 172 Ind.App. 207, 224, 360 N.E.2d 199, 207–211, *trans. denied* (duty to supervise did not impose a legal duty upon owner or engineer to exercise reasonable care for the employees' safety);[3] *see also, Phillips v. United Engineers* (1986), Ind.App., 500 N.E.2d 1265, 1268. We affirm the trial court's judgment on this issue, because we find no legal duty arose by contract.

**2.**  We note that City and Butler presented arguments, denying that they assumed the duty of care by their conduct. The testimony in the record supports that neither City nor Butler supervised Coffey's conduct in regard to safety precautions. However, Alexander does not contend that City or Butler assumed duties by their conduct. Alexander's arguments focus on duties arising from the contracts and several statutes. Therefore, we do not discuss this issue further.

**3.**  Counsel for Alexander failed to distinguish *Walters* at oral argument despite our express invitation to do so. We find *Walters* controlling.

### b. Statutory Duty

■ Alexander argues that several Indiana statutes create a nondelegable duty to construct, maintain, supervise, and repair sewers, which prevent City from escaping liability for Coffey's negligence. The relevant portions of the statutes relied upon are as follows:

I.C. § 36–9–6–2

"[T]he works board shall supervise the ... sewers ..., and shall keep them in repair and good condition[.]"

I.C. § 36–9–6–3

"(a) ... the works board has custody of and may maintain all real and personal property of the city.

(b) A city works board may design, order, contract for, and execute:

(1) all work required to improve or repair any real or personal property that belongs to or is used by the city; and

(2) the erection of ... other structures needed for any public purpose."

I.C. § 36–9–6–10

"(b) The works board may lay out, design, order, contract for, and execute the construction, alteration, and maintenance of all ... sewers necessary to carry off the drainage of the city."

I.C. § 36–9–23–3

"The construction, acquisition, improvement, operation, and maintenance of sewage works under this chapter shall be supervised and controlled by the municipal works board. However, the municipal legislative body may, by ordinance, transfer the powers and duties of the works board under this chapter to:

(1) a sanitary board established under section 4 of this chapter; or

(2) the utility service board, if the municipality has such a board operating one (1) or more municipally owned utilities."

Alexander interprets these statutes as creating nondelegable duties of City from which it could not absolve itself from liability by transferring performance of such duties to an independent contractor. Alexander relies upon several cases in which statutes regarding street construction and maintenance were interpreted as placing a nondelegable duty upon the city. *See City of Anderson v. Fleming* (1903), 160 Ind. 597, 67 N.E. 443 (city and contractor liable for unsafe sidewalk); *City of Logansport v. Dick* (1880), 70 Ind. 65; *City of Indianapolis v. Marold* (1900), 25 Ind.App. 428, 58 N.E. 512 (city charged by law with a duty in the care and control of its streets).

We note that the street construction cases cited by Alexander involve injuries to members of the public and not to an employee of an independent contractor employed by the governmental entity, and find those cases distinguishable on that ground. Further, we do not find the cases regarding street construction applicable to this case which involves sewer construction. In *City of Seymour v. Cummins, Administratrix* (1889), 119 Ind. 148, 152–153, 21 N.E. 549, 551, the court stated: "If a city adopt [sic] a proper plan of drainage, and let a contract for the doing of the work and the construction of the drain, the contractor to use his own method and means for the construction of the drain, and damages result by reason of the negligence of the contractor in doing the work, the city is not liable[.]" The foregoing quotation from *Cummins* may well constitute authority for the proposition that there is no statutorily created duty upon City rendering City liable to anyone for injuries sustained as a result of the negligence of independent contractors engaged to construct sewers, however, that is not the question before us in this case. Here, Alexander seeks to hold City liable for the death of an employee of Coffey, an independent contractor, which death was the result of the negligence of Coffey. We hold, under the facts of this case, there was no nondelegable duty placed upon City which would make City liable for the negligent acts of Coffey. Therefore, we affirm the trial court's decision that City did not have a nondelegable statutory duty to the employees of the independent contractor, Coffey.

*Issue Two*

■ City challenges the court's denial of its indemnification cross-claims against Coffey and Butler. Specifically, the court granted Coffey's motion for summary

judgment, and Butler's motion to dismiss. Coffey's motion for summary judgment claimed that the indemnity provisions in Coffey's contract were not clear and unequivocal language and were void under IND.CODE § 26–2–5–1. The indemnification provisions are as follows:

"24.1 [Coffey] will indemnify and hold harmless [City] and [Butler] and their agents and employees from and against all claims, damages, losses and expenses including attorney's fees arising out of or resulting from the performance of the Work, provided that any such claims, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or the injury to or destruction of tangible property, including the loss of use resulting therefrom; and is caused in whole or in part by any negligent or willful act or omission of [Coffey] ..., anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable.

24.2 In any and all claims against [City] or [Butler], or any of their agents or employees, by any employee of [Coffey], anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, the indemnification obligation shall not be limited in any way by any limitation on the amount or type of damages, compensation or benefits payable by or for [Coffey] ... under workman's compensation acts, disability benefit acts or other employee benefit acts."

Coffey asserts that the trial court's grant of summary judgment is correct, because the indemnification provisions do not contain language allowing Coffey to hold City harmless for City's own negligence. Coffey relies upon *Dohm & Nelke v. Wilson Foods Corp.* (1988), Ind.App., 531 N.E.2d 512, 514, in which we held that an indemnity clause must be explicit to provide indemnification against one's own negligence. Coffey contends that Alexander's complaint charges City with negligence independent of Coffey's negligence; therefore, the holding of *Dohm & Nelke* applies. Coffey also argues that if a jury finds City negligent, it would not be discernible whether the jury found City liable for City's negligence or Coffey's negligence.

We agree with City that the indemnification clauses contain clear language of Coffey's agreement to indemnify City for Coffey's negligence. City also is correct that I.C. § 26–2–5–1 is not applicable. I.C. § 26–2–5–1 specifies that provisions indemnifying the promisee against liability for the sole negligence of the promisee or his independent contractors are void. Here, City seeks indemnification for the negligence of Coffey, not the negligence of City. Moreover, we have found that City was not negligent. City is entitled to indemnity from Coffey under the contract. The grant of summary judgment in favor of Coffey is reversed.

■ In regard to the dismissal of City's indemnification claim against Butler, City admits no written indemnification agreement exists. Because we have not found that City had a nondelegable duty, City is not entitled to indemnity from Butler. We find the trial court did not err in dismissing City's indemnification claim against Butler.

We affirm the judgment against Alexander and the dismissal of City's indemnity claim against Butler, but we reverse Coffey's summary judgment. We remand for the trial court to enter summary judgment in favor of City finding City is entitled to indemnification from Coffey. We instruct the court to hold further proceedings to determine the amount of indemnity.

Affirmed in part, reversed in part, and remanded. Costs are assessed against Alexander.

BAKER and SHIELDS, JJ., concur.