Hosie MOORE, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 184S31.

Supreme Court of Indiana.

Oct. 25, 1985.

Rehearing Denied Dec. 30, 1985.

William J. Moran, Highland, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a jury trial, Defendant (Appellant) was convicted of two counts of murder, Ind.Code § 35–42–1–1 (Burns 1979 Repl.), and sentenced to two concurrent terms of forty-five (45) years imprisonment. This direct appeal presents the following two issues:

■ 1. Whether the evidence was sufficient to sustain the convictions.

2. Whether the concurrent 45-year sentences imposed by the trial court were manifestly unreasonable.

We affirm the convictions and sentences. The facts are set out in our discussion below.

ISSUE I

"Upon a review for sufficient evidence, this court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn there-

from. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses." (Citations omitted.)

*Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. Under this standard of review the evidence presented at trial was sufficient.

The record reveals that Defendant became involved in a brief physical encounter with a man who asked him for money. Defendant left the area, but returned with another man who was of Hispanic descent. Both were carrying rifles. They approached a street corner near where the prior encounter had occurred, and Defendant shot Elton McClain. Willie Ballard, Jr., who was with McClain, exclaimed to Defendant not to shoot McClain any more, but Defendant then shot Ballard several times. Both McClain and Ballard subsequently died. Ballard's brother, Eric Ballard, and Ronnie Gill observed the incident, although Gill did not come forward for several months. A passing motorist also observed the shootings, and later stated that he believed both assailants were of Hispanic descent.

Defendant presented an alibi defense, and now claims that the evidence was insufficient in that the testimony of Gill and Eric Ballard was inconsistent in certain respects and, therefore, inherently unbelievable. He emphasizes that Eric Ballard and Gill did not recall seeing each other at the scene.

Notwithstanding Defendant's protestations to the contrary, he is merely inviting us to reweigh the substantial evidence of his guilt. The trial transcript demonstrates that the testimony of Eric Ballard and Gill differed in but minor respects. Although their testimony arguably differed on the exact time of the shootings, both identified Defendant as the man who shot both victims shortly after 12:00 a.m., February 15, 1983. Their descriptions of what Defendant was wearing differed in but minor details.

"Only when this Court has confronted 'inherently improbable' testimony, ... or coerced, equivocal, wholly uncorroborated testimony of 'incredible dubiousity,' ... have we impinged on a jury's responsibility to judge the credibility of witnesses." (Citations omitted.)

*Rodgers v. State* (1981), Ind., 422 N.E.2d 1211, 1213.

"In a case of conflicting evidence, the trier of fact is not obliged to believe the testimony of the defendant or any other particular witness. It is the prerogative of the jury to weigh the evidence and to determine who, in fact, is telling the truth." (Citation omitted.)

*Graves v. State* (1984), Ind., 472 N.E.2d 190, 191; *accord Ballard v. State* (1984), Ind., 464 N.E.2d 328, 329.

In this case the testimony of Gill and Eric Ballard was neither inherently improbable nor incredibly dubious. The jury could have concluded that they did not see each other at the scene because Ballard was working on an automobile across the street from Gill's point of observation. The effect of the minor differences in their testimony, the credibility of Defendant's alibi evidence and the testimony of the passing motorist that both assailants were of Hispanic descent were for the jury, not this Court, to determine.

## ISSUE II

The presumptive sentence for murder is forty (40) years imprisonment, which may be reduced by up to ten (10) years because of mitigating circumstances or enhanced by up to twenty (20) years because of aggravating circumstances. Ind.Code § 35–50–2–3(a) (Burns 1979 Repl.). Within the parameters of Ind.Code § 35–50–2–9 (Burns 1979 Repl.) and appropriate Constitutional safeguards, a defendant convicted of murder may be sentenced to death. Ind. Code § 35–50–2–3(b). In this case the trial court enhanced the sentence for each count by five (5) years, but ordered the sentences to be served concurrently. Defendant

claims that the enhanced sentences are manifestly unreasonable. We do not agree.

Our review of this contention is governed by Rule 2 of the Ind. Rules for the Appellate Review of Sentences:

"(1) The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and character of the offender.

(2) A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed."

Rejecting a claim that enhanced sentences were manifestly unreasonable, this Court recently stated:

"Within the parameters of applicable sentencing statutes, the trial court is vested with wide discretion to determine whether the presumptive sentence will be enhanced because of aggravating factors involving the particular defendant or crime, and whether the terms of imprisonment stemming from multiple convictions shall be served concurrently or consecutively. *See* Ind.Code § 35–50–1–2 (Burns 1979 Repl.), 35–38–1–7 (Burns 1984 Cum.Supp., formerly Ind.Code § 35–4.1–4–7, Burns Code Ed. 35–50–1A–7 [1979 Repl.]). Thus a trial court may, upon consideration of relevant facts and information, enhance the basic penalties, impose consecutive sentences, or both.... However, if the trial court enhances the penalties or imposes consecutive sentences, the record must demonstrate that 'the determination was based upon the consideration of the facts of the specific crime, the aggravating and mitigating circumstances involved, and the relation of the sentence imposed to the objectives which will be served by that sentence.'" (Citations omitted).

*Shippen v. State* (1985), Ind., 477 N.E.2d 903, 905. We note that Ind.Code § 35–38–1–7(b)(2) (formerly 35–4.1–4–7(c)(2), Burns Code Ed. 35–50–1A–7(c)(2)) specifies as an aggravating factor the fact that the defendant has a history of criminal activity.

In this case the trial judge cited Defendant's prior conviction for assault with intent to rob while armed as demonstrating a prior history of criminal activity justifying an enhanced sentence. Although the trial court's sentencing order is not as detailed as we would prefer, *see generally, Page v. State* (1981), Ind., 424 N.E.2d 1021, in light of Defendant's prior conviction and his convictions in this case for killing two victims, neither of whom appear to have been involved in the provoking encounter, we cannot conclude that the concurrent 45-year sentences are manifestly unreasonable.

The convictions and sentences are affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.