Anthony S. BURRIS, Appellant–
Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

No. 49A02–9201–PC–3 [1].

Court of Appeals of Indiana,
First District.

April 13, 1992.

Transfer Denied June 4, 1992.

---

**1.** This case was reassigned to this office on February 20, 1992 by direction of the Chief

Judge.

John Pinnow, Indianapolis, for appellant-petitioner.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee-respondent.

ROBERTSON, Judge.

Anthony S. Burris appeals from the denial of his petition for post-conviction relief in which he alleged the ineffectiveness of trial and appellate counsel and fundamental error.[2]

We affirm.

Burris' allegations of error each concern the "sudden heat" aspect of the voluntary manslaughter instruction which was given at his trial. Burris maintains that trial counsel was ineffective because of counsel's failure to tender a proper instruction or to object to the voluntary manslaughter instruction which was given, which neither charged the jury that the burden of negating sudden heat beyond a reasonable doubt was upon the State nor contained a definition of sudden heat.[3] Burris also contends

trial counsel's performance was rendered ineffective by the trial court's actions when, in an ex parte communication and without Burris' knowledge, the trial judge declined to define sudden heat, informing the jurors instead that sudden heat was "a determination for the jury to make."

██ The post-conviction court concluded that the ineffectiveness of trial counsel was an issue which could have been raised in Burris' direct appeal and is now waived. As a general rule, ineffective assistance of trial counsel is an issue known and available at the time of the direct appeal. *Propes v. State* (1990), Ind., 550 N.E.2d 755; *Stewart v. State* (1991), Ind.App., 567 N.E.2d 171, 173, *trans. denied.* If trial counsel and appellate counsel are different, as they are here, appellate counsel has the first opportunity to present the issue, and failure to do so will generally be held a waiver of the issue. *Id.*[4]

2. The Indiana Supreme Court affirmed Burris' conviction of murder on direct appeal in *Burris v. State* (1983), Ind., 444 N.E.2d 1187.

3. Although Burris phrases his allegation of error as error in counsel's failure to object or tender a proper instruction, the record reflects that defense counsel asked that a "stock" instruction on voluntary manslaughter be given. The State made no objection. The instruction at issue reads in pertinent part:

The included crime of voluntary manslaughter is defined as follows:

A person who knowingly or intentionally kills another human being while acting under sudden heat commits voluntary manslaughter, a Class B felony.

The existence of sudden heat is a mitigating factor that reduces what otherwise would be murder under ... this chapter to voluntary manslaughter.

To convict the Defendant of voluntary manslaughter the State must have proved each of the following elements:
1. knowingly or intentionally
2. killing
3. another human being; is murder; but
4. if committed while under a sudden heat it is voluntary manslaughter, a Class B felony. However, the State need not prove the existence of sudden heat because it is a mitigating factor only.

If the State failed to prove each of these elements beyond a reasonable doubt, the defendant should be found not guilty. If the State did prove each of the elements beyond a reasonable doubt, then you should find the

defendant guilty of voluntary manslaughter, a Class B felony.

4. Burris argues the post-conviction court's conclusion of waiver is erroneous because "the ineffective assistance of counsel ... that Burris received on preserving and raising his right to be present claim is a substantial basis against the waiver conclusion," citing *Langley v. State* (1971), 256 Ind. 199, 207, 267 N.E.2d 538, 545; "Burris alleged he was denied the effective assistance of both trial and appellate counsel; and, the post-conviction court did not evaluate appellate counsel's performance in not raising ineffective assistance of trial counsel or evaluate whether the voluntary manslaughter instruction was correct." Accordingly, he concludes, the waiver conclusion should be declared moot.

Admittedly, if appellate counsel is found to have been ineffective, that circumstance would mitigate Burris' failure to raise the issue of trial counsel's ineffectiveness on direct appeal and would enable Burris to obtain direct review of trial counsel's ineffectiveness. The conclusion of waiver would then be erroneous. Beyond that, however, we find Burris' mootness argument to be too succinct for meaningful review. And the other cases cited by Burris do not provide much insight. In *Wade v. State* (1991), Ind., 572 N.E.2d 498, 500, and *Dickson v. State* (1989), Ind., 533 N.E.2d 586, 589, the appellant argued that the trial court erred in its conclusion that the issue of trial counsel's ineffectiveness had been waived, but the trial court also ruled upon the merits of the errors allegedly committed by counsel. On appeal, the Supreme

To avoid the doctrine of waiver, Burris alleges that appellate counsel was ineffective in that he failed to raise ineffective assistance of counsel at trial, did not argue that the deficiencies in the voluntary manslaughter instruction constituted fundamental error, and did not assert fundamental error arising as a consequence of the trial court's ex parte communication. The State responds that appellate counsel cannot be faulted for failing to raise meritless issues and argues that the evidence did not warrant the giving of a voluntary manslaughter instruction in the first instance; hence, any error associated with the content of the instruction is harmless beyond a reasonable doubt. As for the ex parte communication, the State maintains that the trial court's response was effectively a denial; therefore, the State sufficiently rebutted the presumption of prejudice.

■ The benchmark for judging any claim of ineffectiveness must be whether counsel's performance so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674. The performance inquiry asks whether counsel's assistance was reasonable considering all the circumstances. *Id.* at 689, 104 S.Ct. at 2065.

■ Analysis of the claim also involves a prejudice component: even if a defendant shows that particular errors of counsel were unreasonable, if the errors had no adverse effect upon the defense, they do not warrant reversal. *Id.* at 694, 104 S.Ct. at 2068. The court making the actual prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the error. *Id.* at 697, 104 S.Ct. at 2069.[5] In making this determination, a court must consider the totality of the evidence before the factfinder. *Id.* at 696, 104 S.Ct. at 2069. With this standard in mind, we consider appellate counsel's decision not to raise the claim of ineffectiveness of trial counsel. As a general rule, appellate counsel need not raise on appeal an issue which appears unavailing. *Schiro v. State* (1989), Ind., 533 N.E.2d 1201, 1207, *cert. denied,* 493 U.S. 910, 110 S.Ct. 268, 107 L.Ed.2d 218.

■ The refusal of an instruction which explains that the State must negate the presence of sudden heat beyond a reasonable doubt is reversible error, necessi-

Court simply addressed the merits of the allegations, concluding that any error in the trial court's conclusion of waiver had been rendered moot by review on the merits. In the present case, the post conviction court addressed the issues by finding in favor of the State on its defense of waiver and concluding that appellate counsel's representation was in all respects competent and effective, without specifically analyzing the merits of each underlying allegation of error.

Burris does not raise error with respect to the findings' deficiencies; accordingly, it is appropriate to examine the entire record to ensure evidence of probative value supports the trial court's conclusion. *See Dillon v. State* (1985), Ind.App., 482 N.E.2d 747. The issues here are sufficiently presented for our review. *Lowe v. State* (1983), Ind., 455 N.E.2d 1126, 1128, *trans. denied.*

5. Burris does not now allege fundamental error in the failure of the court to define "sudden heat" for the jury or in the giving of the allegedly erroneous voluntary manslaughter instruction. But even if he had, the result of this appeal would not be different. Errors which are fundamental in nature, such that they constitute "a substantial and blatant violation of basic principles rendering the trial unfair to the defendant," *Wilson v. State* (1987), Ind., 514 N.E.2d 282, excuse counsel's procedural default in state court, and do not preclude a defendant from asserting his claim of error, nevertheless may not be reversible if, on the whole record, they can confidently be said to have been harmless. *See e.g. Collins v. State* (1991), Ind., 567 N.E.2d 798, 801. *Cf. United States v. Frady* (1982), 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (To obtain collateral relief, on plain error claim that jury not given adequate opportunity to consider manslaughter verdict because of erroneous instructions which allegedly relieved government of proving malice, defendant must show actual prejudice, i.e., whether ailing instruction by itself so infected the entire trial that resulting conviction violates due process). Jury instructions that have the effect of relieving the State of the burden of persuasion on the element of intent as enunciated in *In Re Winship* (1970), 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368, have been subjected to harmless-error analysis in the past by the Indiana Supreme Court. *See Collins,* 567 N.E.2d 798.

tating a new trial, when the jury is presented with the evidentiary predicate for the conclusion that a criminal defendant is guilty of voluntary manslaughter and not murder. *Harrington v. State* (1987), Ind., 516 N.E.2d 65, 66; *Holland v. State* (1983), Ind., 454 N.E.2d 409, 411. *Accord Palmer v. State* (1990), Ind.App., 553 N.E.2d 1256, *summarily affirmed on rehearing*, (1991), Ind., 573 N.E.2d 880. Where sudden heat as a mitigating factor is a primary theory of the defense, the failure to object to an instruction which misstates the State's burden of proof has been held to be *per se* deficient performance. *Morrison v. State*, (1992), Ind.App., 588 N.E.2d 527, 531 (citing *Palmer*, 573 N.E.2d 880).

> "The defendant strictly speaking, bears no burden with respect to 'sudden heat'; however, he bears the risk of not being entitled to an instruction on 'sudden heat' if there is no evidence in the case to put the issue of sudden heat in question. Thus, in one sense, he bears the 'burden' of placing the issue in question where the state's evidence has not done so."

*Wolfe v. State* (1981), Ind., 426 N.E.2d 647, 651 (quoting unofficial commentary following Ind.Code 35–42–1–3).

The evidence, as stated by the Indiana Supreme Court on direct appeal,

> revealed that the decedent, unarmed, drove to Defendant's house upon learning of an altercation, which had occurred earlier that day between Defendant and the decedent's fifteen year old niece, who had been Defendant's girlfriend.
>
> According to witnesses, the two men argued quite loudly. Defendant stood next to the automobile in which the decedent remained, shot him at close range and then entered his house. The decedent attempted to leave but his vehicle collided with another automobile, whereupon Defendant exited his house and removed him from the car. He left the decedent by the car, signaled somebody in a passing automobile which fit the description of his brother's automobile, and departed.

*Burris v. State* (1983), Ind., 444 N.E.2d 1187, 1189.

■ Burris' defense was "sort of a combination of defense of accident and self defense." He testified that the decedent came to his home in a rage, apparently upset over Burris' treatment of the decedent's niece over the tire-slashing incident which, according to Burris, occurred a couple of weeks earlier. Burris testified that he no longer was upset about the incident but wanted his tires replaced. According to Burris, the decedent burst into Burris' home with a gun, they fought over the gun in the doorway and it accidentally discharged into the decedent. The decedent then left Burris' residence without Burris knowing the decedent had been shot and returned to his car. Burris observed the car move slowly across the street and into a parked vehicle. He removed the decedent from the car. Coincidentally, Burris' brother arrived and Burris left with his brother in fear over the shooting.

Burris' account of the shooting, which fails to put the question of sudden heat in issue, makes this case factually indistinguishable from *Underwood v. State* (1989), Ind., 535 N.E.2d 118. There, as here, the evidence established an argument shortly before the killing between the decedent and the defendant over the mistreatment of a relative and an explanation of the shooting by the defendant as accidental. In that case, the Indiana Supreme Court found no error in the failure of the trial court to instruct the jury on the lesser included offense of voluntary manslaughter because "the evidence which would be necessary to justify the jury in reducing the murder charge to a voluntary manslaughter charge was not presented." 535 N.E.2d at 121.

■ Indiana precedent, in addition to *Underwood*, establishes that anger, evidenced by words alone and without provocation from the victim, is not the kind of "appreciable evidence of sudden heat" which justifies the giving of an instruction on voluntary manslaughter. *Cf. e.g. Matheney v. State* (1992), Ind., 583 N.E.2d 1202 (evidence defendant angry and made growling noises at time of death without evidence victim provoked defendant by words or actions insufficient to justify voluntary manslaughter instruction); *Jewell v.*

*State* (1989), Ind., 539 N.E.2d 959 (defendent testified that he didn't argue or become angry but even if jury found he did, not evidence of such intense passion that it might be presumed to have obscured his reason); *Fowler v. State* (1985), Ind., 483 N.E.2d 739 (defendant confessed he shot decedent because of argument over hay transaction). *Cf. also Sears v. State* (1986), Ind., 494 N.E.2d 1286 (evidence did not require voluntary manslaughter verdict where decedent, who refused to leave defendant's residence, swore at defendant, fought with defendant's boyfriend, and made threat to kill defendant one year before homicide).

 The State's evidence which established only that the decedent had loud words with Burris over Burris' treatment of his niece and that Burris was angry over vandalism to his car which had been committed by someone other than the decedent is insufficient of itself to warrant an instruction on voluntary manslaughter; hence, the burden rested with Burris to produce some "appreciable evidence" of sudden heat. Burris' version of the events excludes the possibility that he acted under sudden heat. Where there is no evidence of sudden heat, an incorrect instruction on voluntary manslaughter is not reversible error. *See Hensley v. State* (1986), Ind., 499 N.E.2d 1125, 1127. Appellate counsel therefore did not act unreasonably when he decided to forego argument, whether raised as ineffectiveness of trial counsel or as fundamental error in the giving of an incorrect voluntary manslaughter instruction.[6]

 Neither can appellate counsel be faulted for failing to argue that trial counsel had been rendered ineffective by communications over the challenged instruction between Burris' jury and trial judge. Although ex parte communications between judge and deliberating jury are presumed to be prejudicial because they deny a criminal defendant the federal and state constitutional right to be present at all stages of the criminal proceedings, the presumption of prejudice is rebuttable and the error may be deemed harmless. *Grey v. State* (1990), Ind., 553 N.E.2d 1196, 1199; *Wickliffe v. State* (1988), Ind., 523 N.E.2d 1385, 1386. Inasmuch as the jury could properly have found Burris guilty only of murder upon the evidence presented, it is not reasonably likely that the result of the proceedings would have been different had counsel been informed in open court of the jury's request for a definition of sudden heat.

For the same reason, we are convinced that the constitutional deprivation sustained by Burris was harmless beyond a reasonable doubt and did not impinge upon his substantial rights. Burris' final contention, that the trial court committed fundamental error when it responded to the jury's question without notifying him of the communication in the manner required by statute, is therefore also without merit and does not necessitate reversal.

The post-conviction court correctly denied Burris' petition for post-conviction relief. That judgment should be affirmed.

Judgment affirmed.

RATLIFF, C.J., and STATON, J., concur.

---

[6.] In light of this outcome, we will not address Burris' claims of trial and appellate counsel ineffectiveness as it relates to the omission of a definition of sudden heat, or his assertion that the errors cumulatively denied him the effective assistance of counsel. Where irregularities standing alone do not amount to error, they cannot gain the stature of reversible error taken together. *Grey v. State* (1990), Ind., 553 N.E.2d 1196, 1199.