Hosie **MOORE**, Appellant–Petitioner,

v.

**STATE** of Indiana, Appellee–Respondent.

No. 45A03–9410–PC–365.

Court of Appeals of Indiana,
Third District.

April 27, 1995.

Transfer Denied July 3, 1995.

---

Susan K. Carpenter, Public Defender, Kimberly J. Speer, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., of Indiana, Julie Zandstra Frazee, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

STATON, Judge.

Hosie Moore ("Moore") appeals from the denial of his petition for post-conviction relief. In his appeal, he presents two issues for our review which we restate as follows:

I. Whether the trial court committed fundamental error in instructing the jury.

II. Whether he was denied the effective assistance of counsel.

We affirm.

The facts most favorable to the State reveal that a jury found Moore guilty of two counts of murder for which he was sentenced to forty-five years in prison. His conviction and sentence were affirmed on appeal. *See Moore v. State* (1985), Ind., 484 N.E.2d 20, *reh. denied.* In his petition for post-conviction relief, Moore alleged that the trial court improperly instructed the jury on voluntary manslaughter.

■ Under the rules of post-conviction relief, the petitioner must establish the grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1, § 5; *Weatherford v. State* (1993), Ind., 619 N.E.2d 915, 917, *reh. denied.* To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court. *Id.*

### I.

#### *Fundamental Error*

■ Moore contends that the trial court committed fundamental error when it failed

to properly instruct the jury on voluntary manslaughter and the State's burden of proof regarding sudden heat.[1]

■ For purposes of post-conviction relief, fundamental error is one that is blatant and which, if not rectified, would result in the denial of fundamental due process. *Propes v. State* (1990), Ind., 550 N.E.2d 755, 759, *cert. denied,* —— U.S. ——, 112 S.Ct. 3046, 120 L.Ed.2d 913.

■ Sudden heat mitigates murderous conduct to voluntary manslaughter. *Morrison v. State* (1992), Ind.App., 588 N.E.2d 527, 529. When evidence of sudden heat is introduced, the State must negate the evidence beyond a reasonable doubt before a conviction for murder may be had. *Id.* Both the existence of sudden heat and negation thereof by the prosecution are questions of fact committed to the jury. *Id.* at 531.

■ Once the evidentiary predicate of sudden heat has been introduced in a murder case, the defendant is entitled to a correct instruction on the lesser offense of voluntary manslaughter. *Bane v. State* (1992), Ind., 587 N.E.2d 97, 100, *reh. denied.*

In *Bane,* the defendant was charged with murder and voluntary manslaughter. The trial court instructed the jury on the elements of murder and voluntary manslaughter, and indicated that sudden heat was a mitigating factor that otherwise reduces murder to voluntary manslaughter. *Bane, supra,* at 100. The trial court instructed that in order to find the defendant guilty of voluntary manslaughter, "the jury must find proof beyond a reasonable doubt of each of the following elements: (1) the Defendant, Clayton Bane; (2) knowingly; (3) killed while acting under sudden heat; (4) Laura Bane; (5) by means of a deadly weapon." *Id.* The defendant was subsequently convicted of murder.

On appeal, the defendant argued that these instructions were misleading and mis-

---

1. Moore acknowledges that he did not object to the court's instruction nor did he tender a proper instruction. As such, the State contends that Moore's argument has been waived. However, we note any error predicated on the giving of an instruction will not be waived if the error rises to the level of fundamental error. *Faulisi v. State* (1992), Ind.App., 602 N.E.2d 1032, 1038, *trans. denied.* We will therefore address Moore's claim of fundamental error.

statements of the law. Our supreme court agreed. The court indicated that the instruction at one point indicated to the jury that sudden heat was an element of voluntary manslaughter and at another point, informed the jury that sudden heat was a mitigating factor for murder. *Id.* at 101. Nonetheless, the court concluded "[a]lthough inartfully drafted, and in fact, technically erroneous, the instruction does not constitute fundamental error because it did not deprive the defendant of his due process rights." *Id.*

■ Likewise here, Moore contends that the instructions given by the trial court were erroneous because they did not indicate that the State had the burden to rebut sudden heat beyond a reasonable doubt. Moreover, Moore argues that the instructions were also misleading because when read together, they indicated to the jury that they could not convict Moore of voluntary manslaughter unless the State proved the existence of sudden heat beyond a reasonable doubt.

The record indicates that the jury received the following instructions:

Included in each charge in this case is the crime of voluntary manslaughter which is defined by statute as follows:

A person who knowingly or intentionally kills another human being while acting under sudden heat commits voluntary manslaughter, a class B felony.

The existence of sudden heat is a mitigating factor that reduces what otherwise would be murder to voluntary manslaughter.

To convict the defendant of voluntary manslaughter the State must have proved each of the following elements:

1. the defendant knowingly and intentionally
2. killed
3. another human being.

If the State failed to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty.

If the State did prove each of these elements beyond a reasonable doubt, and you further find the defendant did the killing while acting under a sudden heat, you should find the defendant guilty of voluntary manslaughter, a class B felony.

The term "sudden heat" means an excited mind. Emotions such as anger, rage, sudden resentment or fear may be sufficient to obscure the reason of an ordinary man, and prevent deliberation and meditation. Sudden heat results in a person being unable to reflect on the circumstances in a cool fashion.

Record, pp. 127–128.

As in *Bane,* the instructions here do not indicate that the State had the burden of proof to rebut the presence of sudden heat. However, these instructions do set forth that sudden heat is a mitigating factor for murder and clearly state that if the jury finds that the defendant was acting under sudden heat, they should find him guilty of voluntary manslaughter. As such, we determine that the jury's verdict was not rendered unreliable by the trial court's "inartfully drafted" and "technically erroneous" instruction. *Bane, supra,* at 101.

■ Moreover, we note that fundamental error in giving jury instructions is subject to a harmless error analysis. *Coleman v. State* (1994), Ind.App., 630 N.E.2d 1376, 1378, *trans. denied.* The court must review the record in its entirety to determine whether, based upon the evidence presented, an honest and fair-minded jury would have rendered a guilty verdict absent the use of the erroneous instruction. *Id.*

■ The post-conviction court determined that the jury's decision to convict Moore for both counts of murder indicates that it did not accept Moore's alibi defense or that he committed the lesser offense of voluntary manslaughter. This finding supports the conclusion that the jury would have found Moore guilty of murder absent the use of the erroneous instruction. *Coleman, supra,* at 1378. Moreover, Moore has failed to provide us with evidence which would support a conclusion opposite that of the post-conviction court. *Weatherford, supra,* at 917.

As such, we conclude that the trial court's instruction did not rise to the level of fundamental error and that the post-conviction court properly denied Moore's claim.

## II.

### Ineffective Assistance of Counsel

Moore contends that he was denied the effective assistance of appellate counsel because his attorney failed to raise the issue of the erroneous instruction in his direct appeal.

Because we have determined that the trial court's instruction did not rise to the level of fundamental error, Moore's counsel cannot be deemed ineffective for failing to raise the issue on appeal. *Ferrier v. State* (1987), Ind., 514 N.E.2d 285, 289. As such, Moore failed to establish any grounds for post-conviction relief and the post-conviction court properly denied his petition.[2]

Affirmed.

GARRARD and DARDEN, JJ., concur.

---

2. Moore also contends that he was denied the effective assistance of trial counsel because of trial counsel's failure to object to the instruction and properly preserve the issue for appeal. We note that as a general rule, ineffective assistance of counsel is an issue known and available at the time of direct appeal. *Burris v. State* (1992), Ind.App., 590 N.E.2d 576, 578, *trans. denied.* If trial counsel and appellate counsel are different, appellate counsel has the first opportunity to present the issue, and failure to do so will generally be held as a waiver of the issue. *Id.* However, the failure to raise ineffectiveness of trial counsel on direct appeal does not waive the issue if appellate counsel is found to have been ineffective. *Id.* Because we have determined that appellate counsel cannot be deemed ineffective because there was no error, Moore's ineffective assistance of trial counsel claim is waived. See *id.;* Ind. Post Conviction Rule 1, § 8.