Kenneth SMITH, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

No. 49A02–0302–PC–101.

Court of Appeals of Indiana.

Aug. 8, 2003.

Susan K. Carpenter, Public Defender of Indiana, Brian Eisenman, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Petitioner Kenneth Smith ("Smith") appeals the partial denial of his

petition for post-conviction relief. We affirm.

### Issue

Smith raises several issues, which we consolidate and restate as follows: whether the post-conviction court erred in finding that Smith did not receive ineffective assistance from trial and appellate counsel.

### Facts and Procedural History

The facts most favorable to the judgment, and recited by this court on direct appeal, are as follows:

[O]n May 11, 1992, Smith confronted Eardis Phelps and Kevin Bradshaw and spoke to them. Later, Smith fired his gun at Phelps while Phelps was in his car. Smith also fired shots at Bradshaw. Smith chased Bradshaw down and shot him in the leg. Smith ran out of bullets and, while Bradshaw was on the ground, Smith said to him, "You ain't dead yet." Bradshaw was able to escape.

After the shooting, Smith called Bradshaw's telephone number and left a threatening message on the answering machine. Both Bradshaw and his girlfriend heard the message.

*Smith v. State*, No. 49A02–9501–CR–22, slip op. at 2, 661 N.E.2d 920 (Ind.Ct.App. Feb. 21, 1996).

On October 20, 1993, the State charged Smith with Attempted Murder, a Class A felony,[1] and two counts of Criminal Recklessness, Class D felonies.[2] The relevant portion of the charging information relating to attempted murder provides:

Count I

Kenneth Smith, on or about May 11, 1992, did attempt to commit the crime of Murder, that is: the said Kenneth Smith did attempt to knowingly or intentional-ly kill another human being, namely: Kevin Bradshaw, by engaging in conduct, that is: knowingly shooting at and against the person of Kevin Bradshaw by means of a deadly weapon, that is: a handgun, resulting in bodily injury to Kevin Bradshaw, that is: a gunshot wound to the thigh which constituted a substantial step toward the commission of said crime of Murder[.]

(Tr. 17.)

The trial court tendered the following instruction to the jury:

Attempt [sic] Murder

A person attempts to commit a crime when he knowingly or intentionally engages in conduct that constitutes a substantial step toward the commission of the crime.

The crime of Murder is defined by statute as follows:

A person who knowingly or intentionally kills another human being commits Murder.

To convict the Defendant of Attempt [sic] Murder, the State must have proved each of the following elements:

1. The defendant knowingly or intentionally

2. Engaged in conduct that constitutes a substantial step toward the commission of

3. The knowing or intentional killing of another human being.

The defendant must have had the specific intent to commit Murder in order to be found guilty of Attempt [sic] Murder. Intent to kill may be inferred from the use of a deadly weapon in a manner reasonably calculated to cause death.

(Tr. 68.)

Smith was convicted of attempted murder and both counts of criminal reckless-

---

1. IND.CODE §§ 35–41–5–1, 35–42–1–1.

2. IND.CODE § 35–42–2–2(b)(1).

ness. Smith raised one issue on direct appeal: whether the trial court erred in admitting testimony from Bradshaw and his girlfriend identifying the voice on their voicemail as Smith's. We affirmed Smith's conviction in an unpublished decision.

On March 22, 2002, Smith filed his petition for post-conviction relief. In that petition, Smith alleged the following errors: (1) an improper jury instruction on Attempted Murder; (2) a failure to instruct on the lesser-included charges of Criminal Recklessness and Aggravated Battery; (3) an insufficient charging information; (4) ineffective assistance of trial and appellate counsel; (5) cumulative error; and (6) an improper sentence. On July 29, 2002, the post-conviction court conducted a hearing wherein Smith questioned David Martenet ("Martenet"), his trial counsel, regarding Martenet's recollection of the trial. Smith did not question his appellate counsel. On December 19, 2002, the post-conviction court granted Smith relief with regard to the improper sentence, but denied the remainder of Smith's petition. This appeal ensued.[3]

### Discussion and Decision

#### A. Standard of Review

■ The post-conviction petitioner bears the burden of establishing his grounds for relief by a preponderance of evidence. *Blunt–Keene v. State,* 708 N.E.2d 17, 19 (Ind.Ct.App.1999); Ind. Post–Conviction Rule 1(5). On review, this court may consider only the evidence and reasonable inferences supporting the judgment of the post-conviction court, which is the sole judge of the evidence and the credibility of the witnesses. *Blunt–Keene,* 708 N.E.2d at 19. To prevail on an appeal from the denial of post-conviction

relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id.*

■ We also note that ordinarily, "the failure to object at trial results in waiver of the issue on appeal." *Mitchell v. State,* 726 N.E.2d 1228, 1235 (Ind.2000). That being said, "a party may escape waiver of an issue, for failure to object, if the claimed error is fundamental in nature." *Charlton v. State,* 702 N.E.2d 1045, 1051 (Ind.1998). Our supreme court has recently observed, however, that claims of fundamental error may not be raised during a post-conviction proceeding. *Sanders,* 765 N.E.2d at 592. "In post-conviction proceedings, complaints that something went awry at trial are generally cognizable only when they show deprivation of the right to effective counsel or issues demonstrably unavailable at the time of trial or direct appeal." *Id.* Accordingly, freestanding fundamental error claims may not be raised in a post-conviction petition. *See Martin v. State,* 760 N.E.2d 597, 599 (Ind. 2002) (holding that freestanding claim that the trial court committed fundamental error in giving a jury instruction after deliberations had begun was unavailable in post-conviction proceedings).

#### B. Analysis

Smith argues that he received ineffective assistance of counsel because trial counsel failed to object to the attempted murder instruction and charging information, and failed to tender lesser-included offense instructions, and because appellate counsel failed to raise any of these issues on direct appeal.

---

**3.** While Smith raises several of these issues as freestanding fundamental error, we have consolidated these issues and address them under our analysis of ineffective assistance of counsel. *See Sanders v. State,* 765 N.E.2d 591, 592 (Ind.2002).

■■ It is well settled that to prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that this deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). When analyzing whether counsel's performance was deficient, we begin with the presumption that counsel's performance was effective. *Autrey v. State*, 700 N.E.2d 1140, 1141 (Ind.1998). The defendant must rebut this presumption through "strong and convincing evidence." *Id.*

### 1. *Failure to object to the attempted murder instruction*

■■ Smith asserts that trial counsel was ineffective when counsel did not object to the attempted murder instruction given to the jury by the trial court. Smith asserts that because this instruction constituted fundamental error, he was prejudiced by counsel's deficient performance on failing to object to the instruction. We disagree.

■■ In analyzing ineffective assistance claims, counsel's performance does not prejudice a defendant if the underlying error to which counsel failed to object is not fundamental. *See Moore v. State*, 649 N.E.2d 686, 690 (Ind.Ct.App.1995) (holding that counsel is not ineffective for failing to object at trial, or raise issue on appeal, where error is not fundamental). We determine whether an instruction constitutes fundamental error by looking to the instructions as a whole to determine "if they sufficiently informed the jury of the specific intent requirement for attempt." *Yerden v. State*, 682 N.E.2d 1283, 1286 (Ind. 1997) (quoting *Greer v. State*, 643 N.E.2d 324, 326 (Ind.1994)). There is no fundamental error if the instructions as a whole adequately inform the jury that they must find the defendant had the specific "intent to kill." *Id.*

■ For attempted murder, the jury instruction setting forth the elements required for the jury to convict a defendant must include an explanation that the act must have been done with the specific intent to kill. *Spradlin v. State*, 569 N.E.2d 948, 950 (Ind.1991).

The instruction tendered at Smith's trial reads as follows:

Attempt [sic] Murder

A person attempts to commit a crime when he knowingly or intentionally engages in conduct that constitutes a substantial step toward the commission of the crime.

The crime of Murder is defined by statute as follows:

A person who knowingly or intentionally kills another human being commits Murder.

To convict the Defendant of Attempt [sic] Murder, the State must have proved each of the following elements:

1. The defendant knowingly or intentionally
2. Engaged in conduct that constitutes a substantial step toward the commission of
3. The knowing or intentional killing of another human being.

The defendant must have had the specific intent to commit Murder in order to be found guilty of Attempt [sic] Murder. Intent to kill may be inferred from the use of a deadly weapon in a manner reasonably calculated to cause death.

(Tr. 68.)

In *Yerden*, our supreme court reviewed an instruction identical to the one at issue in this case. While the court determined that the instruction was *Spradlin* error, it found that no fundamental error occurred as "the instruction, on the whole, ade-

quately informed the jury" that they must find a specific intent to kill. *Id.* Specifically, the court pointed to the last two sentences of the instruction to support its conclusion.

Given that our supreme court has already addressed the identical instruction in *Yerden,* we decline Smith's invitation to revisit this issue. Smith has failed to demonstrate that he was prejudiced by counsel's performance.

### 2. Failure to object to the charging information

▪ Smith next asserts that trial counsel was ineffective because he did not object to the charging information, which he claims was deficient because it failed to allege the specific intent to kill as an element of the crime. According to Smith, he was prejudiced by counsel's failure to object to the charging information as he was unable to adequately prepare his defense.

▪ A defendant is not prejudiced by counsel's failure to object to charging information if the alleged error with the information is not fundamental. *See Moore,* 649 N.E.2d at 690. The charging information for the attempted murder count reads as follows:

Kenneth Smith, on or about May 11, 1992, did attempt to commit the crime of Murder, that is: the said Kenneth Smith did attempt to knowingly or intentionally kill another human being, namely: Kevin Bradshaw, by engaging in conduct, that is: knowingly shooting at and against the person of Kevin Bradshaw by means of a deadly weapon, that is: a handgun, resulting in bodily injury to Kevin Bradshaw, that is: a gunshot wound to the thigh which constituted a substantial step toward the commission of said crime of Murder[.]

(Tr. 17.)

The information provided sufficient detail of the charges for Smith to prepare his defense by identifying the offense, the victim, and the mode of attack. We find no fundamental error. *See Lawrence v. State,* 665 N.E.2d 589, 592 (Ind.Ct.App. 1996) (holding that charging information for attempted murder, which failed to include element of specific intent to kill, was adequate for preparation of defense). Thus, as Smith has failed to demonstrate any prejudice arising from counsel's failure to object to the charging information, he has failed to demonstrate that he was denied the effective assistance of counsel. *Moore,* 649 N.E.2d at 690.

### 3. Failure to offer lesser-included offense instructions·

▪ Finally, Smith argues that counsel was ineffective for failing to offer lesser-included offense instructions to the trial court. Smith asserts that had such instructions been tendered, a high probability exists that the jury would have convicted him on a lesser offense.

During the post-conviction hearing, Smith questioned counsel Martenet regarding his trial preparation and understanding of the elements of attempted murder. Smith argues that because Martenet's trial strategy was "arguing that Smith was guilty of either aggravated battery or criminal recklessness, but not guilty of attempted murder," Martenet's failure to tender lesser-included offense instructions "precluded the jury from accepting the very argument counsel was putting forth." (Br. at 17.)

Our supreme court addressed a similar factual scenario in *Autrey v. State,* 700 N.E.2d 1140 (Ind.1998). There, the defendant claimed counsel was ineffective for not tendering lesser-included instructions at trial for murder. Autrey was a participant in a large brawl that resulted in the

death of an adversary, and the evidence was conflicting as to the extent of Autrey's responsibility for the death. While the court determined that counsel's performance was not deficient because his "all or nothing" trial strategy was a reasonable tactical decision, the court also found that Autrey had not demonstrated any prejudice from counsel's performance because Autrey's conviction was not "fundamentally unfair or unreliable." *Id.* (quoting *Games v. State*, 684 N.E.2d 466, 469 (Ind. 1997)).

■ Upon reviewing the available record,[4] we cannot say Smith has shown "strong and convincing evidence" that Martenet's failure to tender lesser-included offense instructions resulted in a conviction that was "fundamentally unfair or unreliable." The evidence in this case clearly points to Smith as the one who shot Bradshaw. After Bradshaw fell to the ground, Smith, having expended his ammunition, told Bradshaw, "You ain't dead yet." Based on this evidence, the jury could reasonably have concluded Smith intended to kill Bradshaw when he started shooting. To convict Smith of attempted murder, the jury necessarily found beyond a reasonable doubt that Smith intended to kill Bradshaw. Smith does not challenge the sufficiency of the evidence supporting the conviction. Therefore, there is no rea-

son to believe that the inclusion of lesser-included offense instructions would have raised a reasonable doubt as to Smith's culpability for attempted murder. *See Autrey*, 700 N.E.2d at 1142. Thus, Smith has failed to satisfy the second prong of the *Strickland* test because he has not established any prejudice from the alleged error.

■ As we find Smith's counsel was not ineffective, appellate counsel did not err in failing to raise this issue on direct appeal.[5] *See Sanders v. State*, 764 N.E.2d 705 (Ind.Ct.App.2002) (holding that if there is no fundamental error, appellate counsel is not ineffective for failing to raise it on appeal), *cert. denied*, 537 U.S. 916, 123 S.Ct. 300, 154 L.Ed.2d 201 (2002).

Affirmed.

BROOK, C.J., and NAJAM, J., concur.

---

4. Portions of the trial transcript, including opening and closing statements and the reading of the instructions, were unavailable because the court reporter could not locate all of the tapes that were recorded. It is unclear whether the tapes could not be located because those portions of the trial were not recorded, as was the practice for opening and closing statements at the time of trial, or because the court reporter misplaced those tapes. Regardless, we must stress that the court reporter is charged with the duty of not only recording oral matters at trial, but also maintaining the recordings for 55 years in felony cases. IND.CRIM. RULE 5; *see also* IND.

CODE 33–15–23–1 (duties of court reporters). Although the missing transcripts played no role in the outcome of this case, we cannot tolerate any failure, however small, to perform such a fundamental element of the judicial process, as such failure tarnishes public confidence in the process and, ultimately, in the judiciary itself.

5. Given the evidence of guilt, and because we find no error in any of the issues raised by Smith, we decline to find any "cumulative error." *Hubbell v. State*, 754 N.E.2d 884, 895 (Ind.2001).