**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**RANDY A. ELLIOTT**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

FILED
May 31 2013, 9:29 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JIMMY DALE EDWARDS, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 53A05-1209-PC-445 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Mary Ellen Diekhoff, Judge
Cause No. 53C05-0809-PC-2325

**May 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Jimmy Dale Edwards appeals the denial of his petition for post-conviction relief. He argues his appellate counsel was ineffective because he did not raise the issue of the circumstances surrounding Edwards's habitual offender finding. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On June 17, 2005, a jury found Edwards guilty of Class B felony criminal confinement[1] and Class D felony resisting law enforcement.[2] Following the pronouncement of those verdicts, the following exchange occurred:

| [Court]: | Mr. Edwards, I might remind you that you are still under oath. Is it true that on April 13 through June 27, 1998 you were accused of the crime of stalking as a felony and you were convicted of that crime on March 4, 1999 here in Monroe County? |
|---|---|
| [Edwards]: | Yes. |
| [Court]: | Is it true that on August 7, 2003 you were prosecuted for operation with a 0.08% BAC as a class D felony and that you were convicted of that charged [sic] on February 18, 2004 here in Monroe County? |
| [Edwards]: | Yes. |
| [Court]: | And you concede that under the law of the state of Indiana pursuant to the allegation filed with the state of Indiana you are deemed a[n] habitual offender because of those convictions[?] |
| [Edwards]: | (inaudible) |
| [Court]: | I unfortunately cannot tell you when there will be a presentence or a sentencing date. |

(Tr. at 541-42.) The trial court sentenced Edwards to eighteen years for Class B felony criminal confinement, three years for Class D felony resisting law enforcement, and twenty-five years for being an habitual offender, for an aggregate sentence of forty-six years.

---

[1] Ind. Code § 35-42-3-3(b)(2).
[2] Ind. Code § 35-44.1-3-1(b)(1).

On his first direct appeal, Edwards' appellate counsel, Lorraine Rodts, argued the trial court erred because: (1) it did not attach the habitual offender enhancement to a felony sentence; (2) it did not inquire and determine the costs and fees the court can properly impose; (3) it improperly sentenced Edwards to consecutive sentences; and (4) it provided an insufficient sentencing statement. *Edwards v. State*, 53A05-0509-CR-537 (Ind. Ct. App. August 28, 2006), *trans. denied*. We remanded for the trial court to address all issues presented except the consecutive sentences.

On remand, the trial court sentenced Edwards to the same aggregate sentence. It attached the habitual offender finding to the Class B felony criminal confinement conviction and provided/entered a more specific sentencing statement.

Rodts represented Edwards in a second direct appeal. In that appeal, Edwards argued the trial court's resentencing statement did not comply with our court's resentencing order, the trial court abused its discretion when sentencing Edwards, and the trial court should have awarded Edwards credit for both time served and good time. *Edwards v. State*, 53A01-0702-CR-63 (Ind. Ct. App. August 23, 2007), *trans. denied*. We affirmed.

On September 18, 2008, Edwards filed a *pro se* petition for post-conviction relief. On February 25, 2011, Edwards, by counsel, filed an amended petition for post-conviction relief. The post-conviction court held a hearing on the matter on May 11, 2012, and on August 9, it issued an order denying the amended petition.

## DISCUSSION AND DECISION

Post-conviction proceedings afford petitioners a limited opportunity to raise issues

that were unavailable or unknown at trial and on direct appeal. *Davidson v. State*, 763 N.E.2d 441, 443 (Ind. 2002). As post-conviction proceedings are civil in nature, the petitioner must prove his grounds for relief by a preponderance of the evidence. *Id.* A party appealing a negative post-conviction judgment must establish that the evidence is without conflict and, as a whole, unmistakenly and unerringly points to a conclusion contrary to that reached by the post-conviction court. *Id.* Where, as here, the post-conviction court makes findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we do not defer to the court's legal conclusions, but "the findings and judgment will be reversed only upon a showing of clear error – that which leaves us with a definite and firm conviction that a mistake has been made." *Ben-Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (citation omitted). The post-conviction court is the sole judge of the evidence and the credibility of the witnesses. *Smith v. State*, 792 N.E.2d 940, 943 (Ind. Ct. App. 2003).

Convictions should be reversed for ineffective assistance of counsel when a defendant shows counsel's performance fell below an objective standard of reasonableness and the deficient performance so prejudiced the defendant as to deprive him of a fair trial. *Pennycuff v. State*, 745 N.E.2d 804, 811 (Ind. 2001) (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984), *reh'g denied*). We presume counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* Isolated poor strategy, inexperience, or bad tactics do not necessarily amount to ineffectiveness of counsel. *Id.* If deficient performance of counsel can be proven, the defendant must further show a reasonable probability that it altered the outcome of the case. *Id.*

4

Claims of ineffective assistance of appellate counsel are reviewed using the same standard. *Taylor v. State*, 717 N.E.2d 90, 94 (Ind. 1999). These claims generally fall into three categories: (1) denying access to an appeal; (2) waiver of issues; and (3) failure to present issues well. *Bieghler v. State*, 690 N.E.2d 188, 193-195 (Ind. 1997), *reh'g denied*. Edwards argues his appellate counsel was ineffective because she did not raise whether the trial court properly obtained his admission he was an habitual offender. We disagree.

In denying Edwards' petition for post-conviction relief, the post-conviction court found:

> Mr. Edwards argues the habitual offender sentence should be vacated, as he was not advised of his right to trial by jury. He has not shown how he was prejudiced by not being advised of his right to a jury trial. Mr. Edwards was represented by counsel throughout the proceedings. And, he and his counsel conferred before he admitted to the habitual offender status. At sentencing, Mr. Edwards could have been sentenced to a maximum term of 30 years for being an habitual offender. Mr. Edwards' attorney, Phyllis Emerick, argued that since he admitted to the habitual offender status, some lesser sentence should be imposed as a benefit . . . . At sentencing, Judge Bridges imposed a sentence of 25 years for being an habitual offender, which reflected a 5-year reduction from the maximum potential sentence.
>
> Further, there was no evidence presented by Mr. Edwards challenging the felony convictions that establish his habitual offender status.

(App. at 65-6.)

The post-conviction court relied on *Hogan v. State*, 966 N.E.2d 738, 748 (Ind. Ct. App. 2012), *reh'g denied*, in which a panel of our court held Hogan's trial court was not ineffective because Hogan failed to present evidence he lacked the felony convictions required to classify him as an habitual offender. The same is true in the instant case. Edwards has not presented evidence he did not have two felony convictions as required by

5

Ind. Code § 35-50-2-8.

Therefore, had his appellate counsel presented that issue before our court on appeal, it would not have changed the outcome of his appeal.  Edwards has not demonstrated prejudice by the omission of the issue, which was moot, and thus has not demonstrated his appellate counsel was ineffective.  Accordingly, we affirm.

Affirmed.

BAKER, J., and MATHIAS, J., concur.