Curtis Lee HOLT, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A05–9403–PC–119.

Court of Appeals of Indiana.

Oct. 16, 1995.

Transfer Denied Jan. 9, 1996.

Susan K. Carpenter, Public Defender of Indiana, Hope Fey, Deputy Public Defender, Indianapolis, for Appellant.

Pamela Carter, Attorney General of Indiana, Lisa M. Paunicka, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

RUCKER, Judge.

Defendant/appellant Curtis Lee Holt appeals the denial of his petition for post-conviction relief raising several issues for our review. We affirm.

After a trial by jury conducted on June 28, 1982, Holt was convicted of two counts of robbery, one count of rape, and one count of battery. He was also found to be an habitual offender. The trial court sentenced Holt to a

total of one hundred twenty (120) years imprisonment. His convictions and sentence were affirmed on direct appeal to our supreme court. *Holt v. State* (1984), Ind., 463 N.E.2d 466. Holt subsequently filed a *pro se* petition for post-conviction relief which was later amended by court appointed counsel. Essentially the petition alleged: (1) Holt's conviction for one of the robbery counts is unsupported by sufficient evidence; (2) Holt's conviction for two separate counts of robbery violates the prohibition against double jeopardy; (3) Holt's sentence of 120 years is erroneous, manifestly unreasonable, and disproportionate; (4) Holt was denied the equal protection of the law because his habitual offender conviction was based on a 1973 theft conviction which equalled a misdemeanor conviction as defined in the 1977 habitual statute under which he was prosecuted; (5) trial counsel was ineffective for his failure to raise all issues of merit in the motion to correct errors; and (6) appellate counsel was ineffective for his failure to brief all issues of merit in the direct appeal. After conducting a hearing, the post-conviction court denied the petition and Holt now appeals raising the same issues. In addition, Holt complains the post-conviction court erred by finding that Holt's issues had been waived for his failure to present them in the direct appeal.

▮ We first address whether any of Holt's claimed errors are available for review. Post-conviction relief is not a substitute for direct appeal. *Lowery v. State* (1994), Ind., 640 N.E.2d 1031, 1036, *reh'g denied*. Rather, the post-conviction relief process is open to the raising of issues not known at the time of the original trial and appeal or for some reason not available to the defendant at that time. *Howey v. State* (1990), Ind., 557 N.E.2d 1326. Absent a showing by the post-conviction petitioner that issues were unascertainable at the time of trial and direct appeal, allegations of error arising therefrom may not be raised in a post-conviction proceeding. They are waived. *Cummings v. State* (1986), Ind., 495 N.E.2d 181. Further, issues which have been raised and determined on direct appeal are *res judicata* and not subject to consideration for post-conviction relief. *French v. State* (1989), Ind., 547 N.E.2d 1084.

Holt's claims concerning sufficiency of the evidence and a defective habitual offender determination, were issues raised and determined on direct appeal. Thus, they are *res judicata* and not subject to consideration for post-conviction relief. As for Holt's claims of a double jeopardy violation, erroneous sentence, and ineffective assistance of trial counsel, those issues were available to Holt on direct appeal. He did not raise them then, nor does he argue now that the issues were unascertainable or unavailable at the time of trial and direct appeal. They are waived.

We next address Holt's claim of ineffective assistance of counsel. According to Holt, his trial counsel rendered ineffective assistance because he failed to include in his motion to correct errors "the issues set forth in Arguments I through IV." *Brief of Appellant* at 43. Those issues include: (1) insufficiency of the evidence, (2) claimed double-jeopardy violation, (3) erroneous sentence, and (4) defective habitual offender finding. Holt further complains that his appellate counsel rendered ineffective assistance for failing to raise the ineffective assistance of trial counsel.

▮ As a general rule, the alleged ineffective assistance of counsel is an issue known and available at the time of direct appeal. *Burris v. State* (1992), Ind.App., 590 N.E.2d 576, *trans. denied*. If trial and appellate counsel are different, as in this case, then appellate counsel has the first opportunity to present the issue, and failure to do so will generally be held as a waiver of the issue. *Id.* To avoid waiver, Holt employs the all too common tactic of asserting that appellate counsel was ineffective for failing to raise the alleged ineffective assistance of trial counsel. By so doing, Holt then seeks to argue and have a court of review evaluate the very issues he could not pursue otherwise. This court is sensitive to legitimate claims that a defendant's Sixth Amendment guarantee to the effective assistance of counsel has been violated. However, we are adverse to addressing the issue where it is merely raised as a convenient vehicle to present arguments that have been waived. *See Lane v. State* (1988), Ind., 521 N.E.2d 947, 949 (court declined to directly address defen-

dant's claim of ineffective assistance of counsel, holding that the defendant's "allegation of ineffective assistance is clearly an attempt to circumvent Rule PC 1, section 8, in order to present evidence on issues that had been waived"). To hold otherwise only encourages defendants to make arguments that are totally devoid of merit. For example, Holt's ineffective assistance complaint is based in part on his allegation that counsel failed to include in his motion to correct errors the insufficiency of evidence and the alleged defective habitual offender adjudication. The record clearly shows not only did trial counsel include those issues in his motion to correct errors, but also appellate counsel argued the issues on appeal. As for the double jeopardy and the erroneous sentencing arguments, we have examined the record and find them also to be without merit. The record of Holt's trial reveals that defense counsel discharged his duties well.

Judgment affirmed.

SHARPNACK, C.J., concurs.

NAJAM, J., concurs in result.