**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO-SE:

**PHILIP GREGORY YEARY**
Greencastle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Feb 22 2012, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

PHILIP GREGORY YEARY,                )
                                      )
    Appellant-Defendant,          )
                                      )
        vs.                   )   No.  78A01-1108-CR-388
                                      )
STATE OF INDIANA,                     )
                                      )
    Appellee-Plaintiff.           )

APPEAL FROM THE SWITZERLAND CIRCUIT COURT
The Honorable Fred H. Hoying, Special Judge
Cause No. 78C01-0902-FB-613

**February 22, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant Philip Yeary appeals the trial court's denial of his motion to correct erroneous sentence. Yeary essentially argues the trial court abused its discretion when it denied his motion to correct erroneous sentence. Concluding that Yeary may not challenge his sentence through a motion to correct erroneous sentence, we affirm the judgment of the trial court.

### FACTS

Following a jury trial, Yeary was found guilty of nine separate criminal acts, including criminal confinement, intimidation, pointing a firearm, illegal possession of a handgun, and criminal recklessness. At the sentencing hearing, the trial court identified the fact that the offenses were committed in front of children who were under the age of eighteen years old as an aggravating factor. It also identified Yeary's lack of a criminal history and the hardship that imprisonment would cause his children as mitigating circumstances but determined that those mitigating factors did not warrant a reduced sentence. Concluding that four of the counts arose from the same episode of criminal conduct, the trial court merged those counts into a single count of criminal confinement, as a class B felony, and sentenced Yeary to ten years. Similarly, the trial court found the five remaining counts were for another episode of criminal conduct, and it merged those counts into a single count of criminal confinement as a class B felony, and entered a ten-year sentence for that offense. The trial court ordered that Yeary's sentences be served consecutively, for a total of twenty years.

2

On direct appeal, Yeary argued that his sentence was inappropriate in light of his character and the nature of his offense. Yeary v. State, Cause No. 78A01-0706-CR-00282 slip op. 23-24 (Ind. Ct. App. March 11, 2008), trans. denied. A panel of this court found that his sentence was not inappropriate and affirmed. Id.

On July 8, 2011, Yeary filed a motion to correct erroneous sentence alleging that the sole aggravating circumstance found by the trial court was invalid as a matter of law. On August 3, 2011, the trial court denied the motion, concluding that a panel of this court had already decided on direct appeal the issue raised in the motion to correct error. Yeary now appeals.

## DECISION AND DISCUSSION

Yeary argues that the trial court abused its discretion when it denied his motion to correct erroneous. Specifically, he argues that the trial court considered an inappropriate factor and should have ordered a lesser sentence.

An inmate may only file a motion to correct erroneous sentence to address a sentence that is illegal and thus "erroneous on its face." Robinson v. State. 805 N.E.2d 783, 786 (Ind. 2004)). As for sentencing claims that are not facially apparent, the motion to correct sentence is an improper remedy. Id. at 787. Thus, Yeary may not challenge his sentence through a motion to correct erroneous sentence. Moreover, the appropriateness of Yeary's sentence was already addressed on direct appeal. Slip op. at 23-24. Thus, Yeary's motion is barred under the doctrine of res judicata. See Holt v.

3

State, 656 N.E.2d 495, 496 (Ind. Ct. App. 1995) (holding that "issues which have been raised and adjudicated on direct appeal are res judicata").

The judgment of the trial court is affirmed.

DARDEN, J., and BAILEY, J., concur.